IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2008 APR -1  PM 2: 37
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| FRED J. JACKSON, | § § § | |
| Plaintiff, | § | No. _____ |
| | § | |
| vs. | § § | State Court Cause No. 2008-360 |
| HMS HOST USA, INC., | § § | |
| Defendant. | § § § | |

EP08CA0112

### DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES HOST INTERNATIONAL, INC. (hereinafter "HOST"), in the summons and complaint erroneously named HMS HOST USA, INC., and files its Notice of Removal to the United States District Court for the Western District of Texas, El Paso Division. In support of this Notice, HOST would respectfully show:

1. On February 6, 2008, this action was commenced in the District Court of El Paso County, Texas, 448th Judicial District, entitled "Fred. J. Jackson, plaintiff, vs. HMS HOST USA, INC, defendant," as cause number 2008:360. A copy Plaintiff's Original Petition is attached hereto as Exhibit "A."

2. Defendant, HOST was served with Plaintiff's Original Petition and Summons, on March 4, 2008. A copy of the Summons is attached hereto as Exhibit "B." A copy of the Notice of Service of Process is attached hereto as Exhibit "C."

3. This removal is effected pursuant to 28 U.S.C. §§ 1441(a) and (b) in that it is a civil action brought in a state court of which the district courts of the United States have original jurisdiction, and is being removed by HOST to the federal district and division embracing the

place where the action is pending, to wit: United States District Court for the Western District of Texas, El Paso Division.

4. The district courts of the United States have original jurisdiction over the action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties as this civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5. HOST is informed and believes that plaintiff is a citizen of the State of Texas. Plaintiff's Complaint alleges that "Plaintiff is a resident of El Paso, County, Texas." (*See* Exhibit A, ¶ 2).

6. HMS HOST USA, INC. was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Maryland.

7. HOST INTERNATIONAL, INC., erroneously sued as HMS HOST USA, INC., was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Maryland.

8. HOST INTERNATIONAL, INC., erroneously sued as HMS HOST USA, INC., is the only defendant that has been served a summons and complaint in this action.

9. Plaintiff's Original Petition asserts claims against HOST for age discrimination and retaliation under Chapter 21 of the Texas Labor Code. (*See* Exhibit "A," ¶ 19). Although Plaintiff's Original Petition fails to specify the amount in controversy, this court may conclude that removal is proper if it is facially apparent that plaintiff seeks recovery in excess of the $75,000 threshold for diversity jurisdiction. *See Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If it is not facially apparent that plaintiff seeks above $75,000, the removing party may still support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* Moreover, established Fifth Circuit case law holds that both punitive damages and attorney's fees are added to compensatory damages when

computing the amount in controversy. *See, e.g., St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998) (holding that for jurisdictional purposes, the amount in controversy includes punitive damages); TEX. LAB.CODE § 21.2585(a)(2) (allowing punitive damages); *see also H & D Tire & Automotive-Hardware, Inc. v. Pitney-Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir.2000) (when a statutory cause of action entitles a party to receive attorney's fees, the amount in controversy includes those fees); TEX.LAB.CODE § 21.259 (allowing award of attorney's fees). Here, it is both facially and factually apparent that there is at least $75,000 in controversy. Since Plaintiff seeks to recover attorney fees and costs, including reasonable expert witness fees which are available under both §§ 21.259 and 21.2585 of the Texas Labor Code, these costs should be considered for removal purposes. While Plaintiff has not stated a damages amount, if a Court awarded all the relief that Plaintiff seeks, the amount in controversy would clearly exceed $75,000.00, exclusive of costs and interest.

10. On March 27, 2008, the undersigned counsel for HOST sent counsel for Plaintiff a letter via facsimile to discuss the amount of damages Plaintiff was seeking in connection with his Petition. A copy of this letter is attached hereto as Exhibit "D." As set forth in the letter, the undersigned informed counsel for Plaintiff that if Plaintiff would stipulate and agree that he was seeking less than $75,000 in damages, that HOST would not seek to remove the case from state court. Counsel for Plaintiff has not responded to this letter as of the date of this filing and, thus, has not agreed to stipulate that Plaintiff is seeking less than $75,000 in damages.

11. Attached hereto as Exhibit "E," is a copy of HOST's Answer to Plaintiff's Original Petition, which was served and filed with the District Court of El Paso County, Texas, 448th Judicial District, on Monday, March 31, 2008.

12. HOST is informed and believes that Exhibits "A," "B," "C," "D" and "E" constitute all process, pleadings and orders filed and received by HOST in this action.

13. This Notice of Removal is filed within thirty days after receipt by HOST, through service or otherwise, of a copy of the initial pleadings establishing that this case is removable by

this Honorable Court. It is therefore timely pursuant to 28 U.S.C. § 1446(b). A notification of this removal is being filed in the state court where the action is currently pending and this Notice of Removal is also being served on Plaintiff. A copy of the Notice to State Court and Adverse Party of Removal of Civil Action is attached hereto as Exhibit "F".

WHEREFORE, Defendant, HOST INTERNATIONAL, INC., respectfully removes this matter from the District Court of El Paso County, Texas, 448th Judicial District, to this Honorable Court for trial and determination of all issues.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
221 N. Kansas St., Suite 2000
El Paso, Texas 79901-1440
915-545-4716
915-532-5139 Telecopier

By: _____
Mark C. Walker
Texas State Bar No. 20717320

ATTORNEYS FOR DEFENDANT
HMS HOST USA, INC.

## CERTIFICATE OF SERVICE

I, Mark C. Walker, certify that on this, the 1st day of April, 2008, a true and correct copy of the foregoing instrument was sent via certified mail, return receipt requested to John A. Wenke, 501 E. California Avenue, El Paso, Texas 79902.

_____
Mark C. Walker

# EXHIBIT A



IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS
448TH JUDICIAL DISTRICT

| | |
|---|---|
| FRED J. JACKSON | |
| Plaintiff, | |
| v. | Cause No. 2008- 360 |
| HMS HOST USA, INC. | |
| Defendant. | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, FRED J. JACKSON, complaining of the Defendant, HMS HOST USA, INC., and would allege the following.

### DISCOVERY PLAN

1. Discovery in this cause will be conducted under TRCP 190.3 (Level 2).

### PARTIES

2. The Plaintiff is a resident of El Paso County, Texas.

3. The Defendant is a corporation and may be served with process by serving its registered agent, THE PRENTICE-HALL CORPORATION SYSTEM, 701 BRAZOS STREET, SUITE 1050, AUSTIN, TX 78701

### JURISDICTION

4. This action arises under Chapter 21 of the Texas Labor Code, which prohibits employment discrimination and retaliation.

5. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity

Commission, which was simultaneously filed with the Texas Workforce Commission – Civil Rights Division. The TWC-CRD has issued its Notice of Right to File a Civil Action, and suit was timely filed thereafter.

6. Declaratory, injunctive, and equitable relief is sought pursuant to Section 21.258 of the Texas Labor Code. Compensatory and punitive damages are sought pursuant to Section 21.2585 of the Texas Labor Code.

7. Costs, attorney's fees and expert fees are sought pursuant to Section 21.259 of the Texas Labor Code.

## VENUE

8. This action properly lies in El Paso County, Texas because the unlawful employment practices occurred therein.

## FACTS

9. Plaintiff worked as the General Manager for Delaware North overseeing food operations at the El Paso International Airport since 1990. On or about October 31, 2006, Delaware North lost the contract with the City of El Paso, and a contract was awarded to HMS Host. In late November or early December 2006, Plaintiff was offered the General Manager position with HMS Host. When Plaintiff questioned why his salary was lowered then he was being paid with Delaware North, HMS District Manager Bob Boorom commented that $70,000 per year is a good salary in El Paso "for a person your age."

10. During his employment, Plaintiff was made aware in disparity in salaries between older managers and younger managers with less seniority and experience. This issue

was addressed with Mr. Boorom on or about February 2007. Mr. Boorom responded that the company needed to pay more to attract "younger, talented people".

11. In February 2007, Plaintiff discovered that 120 lbs of pork meat was taken without authorization and transported to Carlos and Mickey's, a local restaurant. Mr. Boorom was advised, but told Plaintiff not to "rock the boat" because Carlos and Mickey's had not yet signed a contract to provide services at the airport.

12. On March 7, 2007, Plaintiff was advised of his termination during a meeting with Mr. Boorom and Kevin Hayden, Regional Food and Beverage Manager. Mr. Boorom stated "at your age, I feel you'd rather being doing things for the El Paso community, than your job". Mr. Boorom also stated that Plaintiff had missed two conference calls (during a period Plaintiff was in training), and that Plaintiff had not developed strong enough relations with the owner of Carlos and Mickey's. Plaintiff was then offered a severance package.

13. Plaintiff received no documentation regarding his discharge, and prior to his separation received no written disciplinary action or negative performance evaluations.

## COUNT ONE – AGE DISCRIMINATION

14. The above allegations are re-alleged and adopted by reference.

15. Plaintiff asserts that his age (57) was a motivating factor and consideration in Defendant's decision to terminate Plaintiff, therefore violating Section 21.051 of the Texas Labor Code.

16. Plaintiff requests trial by jury.

## COUNT TWO – RETALIATION

17. The above allegations are re-alleged and adopted by reference.

18. Plaintiff asserts that his complaint and opposition of the pay disparity between older and younger management workers was a protected activity, and Defendant's decision to terminate Plaintiff less than a month after this complaint was an unlawful retaliation in violating of Section 21.055 of the Texas Labor Code.

19. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

1. Back pay and benefits;
2. Front pay and benefits;
3. Compensatory damages;
4. Punitive damages;
5. Costs, including reasonable expert fees, pursuant to Section 21.259 of the Texas Labor Code;
6. Attorney's fees pursuant to Section 21.259 of the Texas Labor
7. Plaintiff's costs;
8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;
9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.