IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| FRED J. JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. EP-08-CA-0112-FM |
| § | |
| HOST INTERNATIONAL, INC., § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE FRANK MONTALVO, U.S. DISTRICT COURT JUDGE:

COMES NOW, the Plaintiff, FRED J. JACKSON, complaining of the Defendant, HOST INTERNATIONAL, INC, and would allege the following.

### PARTIES

1. The Plaintiff is a resident of El Paso County, Texas.

2. The Defendant is a corporation doing business in Texas and a copy of this amended complaint was forwarded to its attorney of record.

### JURISDICTION

3. This action arises under Chapter 21 of the Texas Labor Code, which prohibits employment discrimination and retaliation.

4. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission, which was simultaneously filed with the Texas Workforce Commission

– Civil Rights Division. The TWC-CRD has issued its Notice of Right to File a Civil Action, and suit was timely filed thereafter.

5. Declaratory, injunctive, and equitable relief is sought pursuant to Section 21.258 of the Texas Labor Code. Compensatory and punitive damages are sought pursuant to Section 21.2585 of the Texas Labor Code.

6. Costs, attorney's fees and expert fees are sought pursuant to Section 21.259 of the Texas Labor Code.

**VENUE**

7. This action properly lies in El Paso County, Texas because the unlawful employment practices occurred therein.

**FACTS**

8. Plaintiff worked as the General Manager for Delaware North overseeing food operations at the El Paso International Airport since 1990. On or about October 31, 2006, Delaware North lost the contract with the City of El Paso, and a contract was awarded to HMS Host. In late November or early December 2006, Plaintiff was offered the General Manager position with HMS Host. When Plaintiff questioned why his salary was lowered then he was being paid with Delaware North, HMS District Manager Bob Boorom commented that $70,000 per year is a good salary in El Paso "for a person your age."

9. During his employment, Plaintiff was made aware in disparity in salaries between older managers and younger managers with less seniority and experience. This issue was addressed with Mr. Boorom on or about February 2007. Mr. Boorom responded that the company needed to pay more to attract "younger, talented people".

10. In February 2007, Plaintiff discovered that 120 lbs of pork meat was taken without authorization and transported to Carlos and Mickey's, a local restaurant. Mr. Boorom was advised, but told Plaintiff not to "rock the boat" because Carlos and Mickey's had not yet signed a contract to provide services at the airport.

11. On March 7, 2007, Plaintiff was advised of his termination during a meeting with Mr. Boorom and Kevin Hayden, Regional Food and Beverage Manager. Mr. Boorom stated "at your age, I feel you'd rather being doing things for the El Paso community, than your job". Mr. Boorom also stated that Plaintiff had missed two conference calls (during a period Plaintiff was in training), and that Plaintiff had not developed strong enough relations with the owner of Carlos and Mickey's. Plaintiff was then offered a severance package.

12. Plaintiff received no documentation regarding his discharge, and prior to his separation received no written disciplinary action or negative performance evaluations.

## COUNT ONE – AGE DISCRIMINATION

13. The above allegations are re-alleged and adopted by reference.

14. Plaintiff asserts that his age (57) was a motivating factor and consideration in Defendant's decision to terminate Plaintiff, therefore violating Section 21.051 of the Texas Labor Code.

15. Plaintiff requests trial by jury.

## COUNT TWO – RETALIATION

16. The above allegations are re-alleged and adopted by reference.

17. Plaintiff asserts that his complaint and opposition of the pay disparity between older and younger management workers was a protected activity, and Defendant's decision to terminate Plaintiff less than a month after this complaint was an unlawful retaliation in violating of Section 21.055 of the Texas Labor Code.

18. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

1. Back pay and benefits;
2. Front pay and benefits;
3. Compensatory damages;
4. Punitive damages;
5. Costs, including reasonable expert fees, pursuant to Section 21.259 of the Texas Labor Code;
6. Attorney's fees pursuant to Section 21.259 of the Texas Labor
7. Plaintiff's costs;
8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;
9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

*[signature]*

JOHN A. WENKE
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Fax: (915) 351-9955
State Bar No. 00788643

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2008, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, El Paso Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*[signature]*

JOHN A. WENKE