IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRED J. JACKSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. EP-08-CA-0112-FM |
| | § | |
| HOST INTERNATIONAL, INC., | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S TRIAL BRIEF**

**TO THE HONORABLE FRANK MONTALVO, UNITED STATES DISTRICT JUDGE:**

Comes now FRED J. JACKSON, Plaintiff, and provides this Trial Brief, and would show the following:

This is a suit for employment discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code. In anticipation of the trial of this case, Plaintiff provides this briefing with respect to the liability issues in the case; and with respect to a certain evidentiary issue that may arise during trial, for the convenience of the Court.

**THE EVIDENCE WILL ESTABLISH DISCRIMINATION AND RETALIATION**

**A.    The applicable statute and the causation standard.**

Plaintiff filed this action under Chapter 21 of the Texas Labor Code, which prohibits employment discrimination. Tex.Lab.Code §§ 21.001-21.306. The general purposes of the Act are set forth in section 21.001. *Id*. § 21.001. One purpose is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. Section 2000e *et seq*.)." *Id*. § 21.001(1). The Act is also intended to "secure for persons in this state . . . freedom from discrimination in certain employment transactions, in order to protect their personal dignity;" and to "make available to the state the full productive capacities of persons in this state." *Id*. § 21.001(4), (5).

The Texas Supreme Court has directed that the Act is to be liberally construed to promote these purposes. *NME Hospitals, Inc. v. Rennels*, 994 S.W.2d 142, 146 (Tex. 1999).

The types of employment discrimination prohibited under Chapter 21 are defined in section 21.051 of the Labor Code. That section provides:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

*Tex. Lab. Code* § 21.051. The Act also prohibits retaliation against employees who oppose or report discrimination:

> An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:
>
> (1)   opposes a discriminatory practice;
> (2)   makes or files a charge;
> (3)   files a complaint; or
> (4)   testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

Tex.Lab.Code § 21.055.

The relevant causation standard in cases under Chapter 21 does not require the employee to prove that his age, race/national origin, or retaliation was the sole reason or even a substantial reason for the employment action. *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001). Instead, the employee only needs to show that his protected status was a motivating factor in the employer's decision. *Id.* Regardless of what other factors motivated the employer's action, illegal discrimination occurs if the Plaintiff's protected status was a factor in its decision. *Id.*

In pretrial filings, Defendant has asserted that the causation standard for an age discrimination claim is "but for" causation rather than the "motivating factor" standard, based on the Supreme Court's recent decision in the ADEA case of *Gross v. FBL Financial Services*, __ U.S. __, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). This argument turns the *Gross* holding on its head. In *Gross*, the Court held that "but for" causation applies to ADEA claims, despite the application of the motivating factor standard to Title VII claims, because the Congress explicitly amended Title VII to adopt the motivating factor standard of causation, but did not make similar amendments to the causation language of the ADEA. *Gross*, 129 S.Ct. at 2349-51. By contrast, the Texas Labor Code expressly adopts the motivating-factor standard for all claims under Chapter 21, and does not establish a separate causation standard for age cases. Tex.Lab.Code § 21.2125(a). Indeed, the leading Texas case on the causation standard under Chapter 21, *Quantum Chemical Co. v. Toennies*, was itself an age discrimination case. *Toennies*, 47 S.W.3d at 475. In that case, the Court decided that " 'motivating factor' is the correct standard of causation for the plaintiff in all [Chapter 21] unlawful employment practice claims . . .." *Id*. at 480. Defendant's attempt to apply the *Gross* standard to this case under Texas law and ignore of the terms of the Texas statute, merely because both suits involve age discrimination, is misguided.

**B.     Proving discrimination and retaliation by circumstantial evidence.**

Because employers rarely admit to a discriminatory motive, a substantial framework has developed for proving discrimination and retaliation based on circumstantial evidence. The Supreme Court has recognized that "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 2154, 156 L. Ed. 2d 84 (2003). In *McDonnell Douglas Corp. v. Green*, the United States Supreme Court articulated the well-tread path for proving discrimination by circumstantial evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 799, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this standard, the employee bears an initial burden of creating a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the

employment decision. If it does so, the burden shifts back to the employee to rebut that explanation. If the employee brings forward evidence allowing the jury to reject the employer's proffered basis for the employment decision as pretextual, the jury may find that discrimination was the true reason for its action. *See McDonnell Douglas Corp.*, 93 S.Ct. at 1824-25; *See Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 309, 312 (5th Cir. 2004). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods. Co.*, 530 U.S. 133, 148 (2000).[1] Plaintiff will present circumstantial evidence which under this framework of analysis will permit the jury to find that his employment was terminated for discriminatory or retaliatory reasons.

**C.     The prima facie case of discrimination and retaliation.**

Under both Texas and federal law, only a minimal showing is required to establish a prima facie case. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 1094, 67 L.Ed. 2007 (1981) ("The burden of establishing a prima facie case of disparate treatment is not onerous"); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999)("Only a minimal showing is necessary to meet this burden"); *Bowen v. El Paso Electric Co.*, 49 S.W.3d 902, 908-09 (Tex.App.–El Paso 2001, pet. denied) ("In establishing a prima facie case, [the plaintiff] need only make a minimal showing.").

   1.     *Prima facie case of discrimination*

The elements of the prima facie case of age discrimination are that the plaintiff (1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of the discharge; and (4) was either (i) replaced by someone younger or outside of the protected class, or (ii) treated less favorably than a younger employee or an employee outside of his protected class, or (iii) otherwise discharged because of his age. *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003),

---

    [1] The Texas Supreme Court has made clear that federal antidiscrimination caselaw provides guidance in interpreting Chapter 21. *NME Hospitals, Inc.*, 994 S.W.2d at 144.

*aff'd*, 544 U.S. 228 (2005); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 575-76 (5th Cir. 2003); *see Rachid,* 376 F.3d at 309.

      Mr. Jackson was 57 years old at the time of his termination; he was replaced by a 47-year-old. It is not necessary for the Plaintiff's replacement to be outside of the protected class in order to establish the prima facie case of age discrimination. Instead, replacement of the claimant by a substantially younger individual suffices, even if the replacement is also in the protected class of employees older than forty. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S. Ct. 1307, 134 L. Ed. 2d 433 (1996). Age differentials of five to eleven years have been held sufficient to create a prima facie case of discrimination under *O'Connor*. *See Rivera-Rodriguez v. Frito Lay Snacks Caribbean,* 265 F.3d 15, 23 (1st Cir. 2001) (seven-year age difference sufficient); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) (five years sufficient); *Blanton v. City of Martindale*, 1999 WL 33195, 1999 Tex.App.Lexis 445 (Tex.App.–Austin 1999, no pet.) (not desig. for publication) (eleven years); *Baiamonte v. Sizeler Real Estate Mgt. Co.*, 1997 WL 3256, 1997 U.S.Dist.Lexis 105 (E.D. La. 1997) (nine years); *see also Rachid*, 376 F.3d at 313 (noting that whether differential of five years sufficed to create prima facie case was a "close question," but not deciding the question). The replacement of Mr. Jackson by an employee ten years junior to him is sufficient to demonstrate a prima facie case of age discrimination.

      2.     *Prima facie case of retaliation*

      The elements of a prima facie case of unlawful retaliation are: (1) protected activity by the claimant, (2) an adverse action suffered by the claimant, and (3) a causal link between the protected activity and adverse action. *Bartosh v. Sam Houston State University*, 259 S.W.3d 317, 329 (Tex.App.--Texarkana 2008, pet. denied).

      Mr. Jackson engaged in protected activity when he complained of wage disparity between older employees and younger employees. An employee's internal complaint of discrimination is "protected activity" which an employer may not retaliate against the employee for taking. *Fierros v. Texas Dept.*

*of Health*, 274 F.3d 187, 194 (5th Cir. 2001). Opposition to discrimination also need not be in formal written form; informal verbal complaints constitute protected activity. *Beckvar v. Home Depot U.S.A., Inc.*, 2005 WL 1155697 at *5 (S.D. Tex. 2005), *and cases cited therein*. The statute does not require the employee to participate in formal opposition to an employment practice; rather, the prohibition of retaliation also protects employees who use informal methods to voice their complaints. *Erlinger v. DeAmerica Corp.*, 2000 WL 537346 at *4 (N.D. Tex. 2000), *citing Sumner v. United States Postal Serv.*, 899 F.2d 203, 209 (2nd Cir. 1990) ("In addition to protecting the filing of formal charges of discrimination, [the] opposition clause protects as well informal protests of discriminatory practices."). Such informal means include "making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges." *Id.* It is not necessary for a complaint to even use a "magic word" such as the term "discrimination" to engage in protected activity. *Mertes v. Wynne*, 2007 WL 3203004 at *13 (E.D. Cal. 2007); *Lichtenstein v. Triarc Companies, Inc.*, 2004 WL 1087263 at *7 (S.D. N.Y. 2004). Mr. Jackson's complaint of wage disparity between older and younger employees was protected activity for which he could not be retaliated against. *See Howard v. Washington*, 254 Fed.Appx. 576, 577-78 (9th Cir. 2007) (employee engaged in protected conduct by complaining about pay disparity); *Mertes*, 2007 WL 3203004 at *13 (same); *Pfeiffer v. Lewis County*, 308 F.Supp.2d 88, 107 (N.D. N.Y. 2004) (same).

With respect to the causal link between the report of discrimination and the retaliatory termination, the temporal proximity between these events by itself suffices to establish the prima facie case. At the threshold stage of demonstrating a prima facie case of retaliation, the standard for showing a causal relationship between opposition to discrimination and protected activity is "much less stringent" than a "but for" causation standard. *Fierros v. Texas Dept. of Health*, 274 F.3d 187, 191 (5th Cir. 2001). A plaintiff may establish the prima facie case of retaliation by showing that the protected activity and the adverse employment action were "not wholly unrelated." *Simmons v. Camden County*

*Bd. of Educ.*, 757 F.2d 1187, 1190 (11th Cir. 1985). The Fifth Circuit has recognized that a short lapse of time between a protected activity and an adverse employment action may alone establish the prima facie case. *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001). A "time lapse of up to four months has been found sufficient to satisfy the causal connection . . . ." *Id.* In *Perry v. Greyhound Lines, Inc.*, 2002 WL 563565 at *4 (Tex.App.–Dallas 2002, no pet.), the Court found that retaliation could be inferred where the plaintiff was terminated six months after filing a second EEOC charge, and therefore reversed a summary judgment that had been rendered in favor of the employer. Texas Courts have recognized that even a longer period of time between a complaint and a job action may still be sufficiently close in time to permit an inference of retaliation. *Upton County, Tex. v. Brown*, 960 S.W.2d 808, 827 (Tex.App.--El Paso 1997, no pet.), *citing DeCintio v. Westchester County Medical Center*, 821 F.2d 111 (2nd Cir.1987) (adverse action taken within one year creates presumption of retaliation); *Walsdorf v. Board of Commissioners of East Jefferson Levee District*, 857 F.2d 1047 (5th Cir.1988) (adverse action taken within seven months of filing complaint shows inference of retaliation) (parenthetical descriptions from *Brown* opinion). Thus, the termination of Mr. Jackson just two weeks after he complained of wage disparities between older and younger employees establishes the prima facie case of retaliation.

**D.     The evidence will allow the jury to find Defendant's stated reasons for its decision pretextual, allowing it to infer discrimination or retaliation.**

If Defendant provides a legitimate, nondiscriminatory reason for the employment action, then the *McDonnell-Douglas* analysis proceeds to the third prong, allowing the employee to recover if he shows the employer's stated reason for its decision pretextual. In *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2104, 147 L. Ed. 2d 105 (2000), a unanimous Supreme Court explained that proof of pretext alone permits a jury to infer discrimination. *Reeves*, 120 S.Ct. at 2108-09.

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it

> may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. . . . Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

*Reeves*, 120 S.Ct. at 2108-09 (citations omitted). The Texas Supreme Court followed *Reeves* in *Toennies*, concluding that evidence rebutting the employer's stated reason for its decision allowed the case to be submitted to the jury: "Proving that the employer's stated reason for the firing is pretext is ordinarily sufficient to permit the trier of fact to find that the employer was actually motivated by discrimination." *Toennies*, 47 S.W.3d at 481-82. *See also Bowen v. El Paso Electric Co.*, 49 S.W.3d 902, 910 (Tex.App.–El Paso 2001, pet. denied) ("in an appropriate case it is permissible for the fact finder to infer discrimination from the falsity of the employer's explanation.")

Pretext may be shown either directly, by showing that a discriminatory reason more likely motivated the employer; or indirectly, by showing that the employer's proffered reason is unworthy of credence. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed. 2007 (1981). An employee establishes pretext by revealing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered reasons for its actions that a reasonable factfinder could find them unworthy of credence. *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1198 (10th Cir. 2000).

The evidence in this case will include numerous types of evidence which Courts have held will support a finding of pretext, including:

> 1. *Termination of an employee for alleged poor performance despite positive performance evaluations.*

One type of evidence which Courts have found probative of pretext is an inconsistency between an employer's claim that the employee's work performance is poor, and employment related documents reflecting good job performance. *See Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181-82

(5th Cir. 1996) (finding evidence of pretext based in part on inconsistency between negative verbal performance evaluation, and positive written recommendation four months previously); *Norris v. Hartmax Specialty Stores, Inc.*, 913 F.2d 253, 255 (5th Cir. 1990) (pretext finding supported by evidence that employee received consistently good performance ratings, and only last rating before termination was negative). Plaintiff will present evidence within this category allowing a jury to find the stated reason for the termination of Mr. Jackson pretextual.

    2.    *Failing to document claimed performance problems.*

Relatedly, pretext has been found when an employer claims that an employee had job performance problems, but there is no documentation of past performance problems. For example, in *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 124 (5th Cir. 1992), the Fifth Circuit found that a jury's discrimination finding was supported by sufficient evidence when the employer "reported" that the employee had weak performance, but there was no documentation in his file of previous performance problems. The Court held that absent such documentation, a jury was entitled to infer that the employer's claim of dissatisfaction was merely an "after the fact inspiration triggered by the necessity of fending off litigation." *Walther*, 959 F.2d at 124. "[W]hen an employer's stated motivation for an adverse employment decision involves the employee's performance, but there is no supporting documentation, a jury can reasonably infer pretext." *Lloyd v. Georgia Gulf Corp.*, 961 F.2d 1190, 1195 (5th Cir. 1992), *citing Walther*. Plaintiff will present evidence within this category in support of a jury finding of pretext.

    3.    *Shifting explanations for an employment decision.*

Where the employer provides different explanations at different times for an employment decision, this is also evidence of pretext. "An inconsistent reason offered to explain an employee's termination may support a finding that the reason is mere pretext." *Read v. BT Alex Brown, Inc.*, 72 Fed.Appx. 112, 120 (5th Cir. 2003) (not desig. for publication), *citing Reeves*, 120 S. Ct. at 2108 ("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that

the employer is dissembling to cover up a discriminatory purpose.") *and Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1167 (6th Cir. 1996) ("An employer's changing rationale for making an adverse employment decision can be evidence of pretext.")  A reasonable fact finder "certainly may infer discrimination when an employer offers inconsistent explanations for the challenged employment action[.]" *DeCorte v. Jordan*, 497 F.3d 433, 439 (5th Cir. 2007).   Plaintiff will present evidence that Defendant has offered different reasons at different times for its termination of Mr. Jackson, allowing a jury to infer that its stated reason is a pretext for discrimination.

    4.    *An employer's departure from a gradual disciplinary policy.*

An employer's departure from its own policies, including specifically a gradual disciplinary policy, has also been found to be evidence that the employer's stated reason for its decision is pretextual.  See *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 387-88 (5th Cir. 2003) (sufficient evidence of discriminatory motive included evidence that the plaintiff's termination for one mistake of the type at issue was inconsistent with company policy); *Valmont Indus. v. NLRB*, 244 F.3d 454, 471-72 (5th Cir. 2001) (departure from progressive discipline policy was evidence of anti-union animus); *Blow v. City of San Antonio*, 236 F.3d 293, 297-98 (5th Cir. 2001) (deviation from employer's policy was some evidence that stated reason for employment action was pretextual).  Defendant's decision to terminate Mr. Jackson instead of complying with the terms of its progressive disciplinary policy provides further support for a finding that Defendant's stated reasons for its decision are pretextual.

    5.    *Discriminatory comments.*

Discriminatory remarks also provide additional evidence which will support a discrimination finding.  In pretrial filings, Defendant has attempted to characterize its district manager's ageist comments as "stray remarks," based on 1993 caselaw.  However, the Supreme Court provided additional guidance on this issue in *Reeves*.  There, the Court found that the Fifth Circuit had improperly failed to consider workplace statements on the grounds that they were not made in connection with the employee's termination.  *Reeves*, 120 S.Ct. at 2111.  The Supreme Court held that

comments that the employee was "so old he must have come over on the Mayflower" and was "too damn old to do his job" should have been considered as evidence of discrimination, even if not made in the context of the termination. *Id.* The Supreme Court reversed the Fifth Circuit for substituting its view of evidence for the jury's and disregarding this "critical evidence" of discrimination. *Id*.

Even before *Reeves*, the Fifth Circuit had begun to recognize that its previous "stray remarks" jurisprudence "is itself inconsistent with the deference appellate courts traditionally allow juries regarding their view of the evidence presented and so should be narrowly cabined." *Vance v. Union Planters Corp.*, 209 F.3d 438, 442 n. 4 (5th Cir. 2000) (a comment about hiring a "mature man" was evidence of gender discrimination). Subsequently, the Fifth Circuit has cautioned against reliance on pre-*Reeves* authority: "In light of the Supreme Court's admonition in *Reeves*, our pre-*Reeves* jurisprudence regarding so-called 'stray remarks' must be viewed cautiously." *Russell v. McKinney Hosp. Joint Venture*, 235 F.3d 219, 229 (5th Cir. 2000). Instead, the Fifth Circuit recognized the "*Reeves* principle" that "any evidence that could shed light on an employer's true motive must be considered." *Evans v. City of Bishop*, 238 F.3d 586, 591-92 (5th Cir. 2000). Accordingly, in *Evans*, the Court held that a jury was entitled to consider evidence that one city council member had made racially derogatory remarks, even though the employment decision had been made by the mayor and merely approved by the city council, and the remarks were not made in the context of the employment decision. *Id.* at 592.

After *Reeves*, "viewing remarks that a jury could find to evidence animus through [a] harsh lens ... [is] unacceptable." *Russell,* 235 F.3d at 226. The "potentially damning nature of ... age-related comments" cannot be discounted "on the ground that they were not made in the direct context" of an adverse employment decision. *Id.* Instead, remarks related to the employee's protected category are appropriately taken into account when analyzing the evidence to support a finding of discrimination – even if not in the direct context of the decision and even if uttered by one other than the formal decisionmaker. *Id.* at 229; *see also Rachid,* 376 F.3d at 315 (reaffirming this holding of *Russell*);

*Hooker v. Victoria's Secret Stores, Inc.*, 281 F.3d 1278, 2001 WL 1692436 (5th Cir. 2001) (table, text of opinion in Westlaw) (affirming a judgment on an age discrimination case, in part based on statements by a supervisor, even though those statements were not made to the plaintiff, nor made directly in her presence, nor made during the conduct giving rise to the allegation of constructive discharge). Under modern discrimination jurisprudence, age-related remarks in the workplace are relevant evidence in age discrimination cases.

Furthermore, stereotypical remarks need not even make direct reference to an employee's age to suffice as evidence of ageism. To the contrary, "Indirect references to an employee's age can support an inference of age discrimination." *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1466 (5th Cir. 1989). Thus, the Fifth Circuit has indicated that age discrimination is inferable from nebulous and indirect comments that an older employee needed to "look sharp," was unwilling to "adapt," was "inflexible," or possesses a "business-as-usual attitude." *See Machinchick v. PB Power, Inc.,* 398 F.3d 345, 353 (5th Cir. 2005) (age discrimination inferred from statements that employee was "inflexible," "not adaptable," and possessed a "business-as-usual attitude"); *Rachid*, 376 F.3d at 315, *citing Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1507 n. 4 (5th Cir. 1988) ("Comments to look 'sharp' and comments concerning an employee's willingness to 'adapt' to new systems are rather nebulous, but they allowed Bienkowski to avoid summary judgment."); *and Hansard*, 865 F.2d at 1466 (query about whether employee could "handle the new position" was indirect reference to age).

Under modern jurisprudence in discrimination cases, remarks related to an employee's age and stereotypical age-based comments are relevant evidence of discrimination. Plaintiff will present evidence that such remarks were made by Defendant's manager, which will provide further support for a finding of discrimination.

6.    *Suspect timing*

The suspect timing of Defendant's decision to terminate Mr. Jackson is also evidence supporting a pretext finding. *See Shackelford v. Deloitte & Touche*, 190 F.3d 398, 409-10 (5th Cir.

1999) (holding jury could find discrimination based on suspicious timing and other evidence of pretext). This evidence, in combination with the other evidence, will allow the jury to find Defendant's stated reason for the termination of Mr. Jackson pretextual.

E.  Conclusion

The evidence at trial will establish that Plaintiff was replaced by a person ten years younger than him, and that he was terminated almost immediately after complaining of discrimination. The prima facie case of age discrimination and the prima facie case of retaliation will be established. Plaintiff anticipates that evidence will be offered at trial which falls within several of the recognized categories of evidence allowing a jury to find an employer's stated reason for an employment decision pretextual. Therefore, a jury may find that Defendant's true reason for its decision to terminate Plaintiff's employment was discrimination or retaliation.

## THE COURT SHOULD ADMIT EVIDENCE OF DEFENDANT'S DISCRIMINATION AGAINST OTHER EMPLOYEES

In addition, Plaintiff presents this trial brief on an evidentiary issue that may be contested at trial – the issue of admission into evidence of the Defendant's record of discrimination against other employees. Under Fifth Circuit precedent, this evidence should be admitted.

In *McDonnell Douglas*, the Supreme Court recognized that one type of evidence relevant to a finding of pretext would be the employer's "general policy and practice with respect to minority employment." *McDonnell Douglas*, 93 S.Ct. at 1825. Thus, "Courts generally hold that evidence of the defendant's conduct towards other employees in plaintiff's protected class is relevant, admissible, and enables the jury to evaluate the work environment." Springer, *Survey of Selected Evidentiary Issues in Employment Law Litigation*, 50 Baylor L. Rev. 415, 449 (1998), citing *Shattuck v. Kinetic Concepts*, 49 F.3d 1106 (5th Cir. 1995). "There is no proscription of evidence of discrimination against other members of the plaintiff's class; to the contrary, such evidence may be highly probative, depending on the circumstances." *Shattuck*, 49 F.3d at 1109-10.

Other Fifth Circuit decisions are in accord. *See Vance v. Union Planters Corp.*, 209 F.3d 438, 444-45 (5th Cir. 2000) (affirming admission of testimony regarding prior findings that employer had been found to have discriminated against other women, in sex discrimination case); *Albright v. Longview Police Department*, 884 F.2d 835, 844 (5th Cir. 1989) (trial court did not abuse its discretion in a Title VII racial discrimination case when it allowed evidence of racial incidents and slurs against blacks other than the plaintiff at the defendant hospital); *Lindsey v. Prive Corp.*, 987 F.2d 324 (5th Cir.1993) (finding evidence of age discrimination in the fact that three other dancers over 40 were dismissed at the same time as plaintiff); *Reeves v. General Foods Corp.*, 682 F.2d 515 (5th Cir.1982) (testimony of another older employee who was forced to resign bolstered the inference of age discrimination).

Plaintiff will offer evidence of Defendant's discriminatory treatment of other employees. This evidence is relevant and admissible to establish its pattern and practice of discrimination, and will provide support for a finding that Plaintiff was also discriminated against. Under Fifth Circuit precedent, this evidence is admissible and relevant. The Court should admit this evidence.

Respectfully submitted,

/s/ John A. Wenke
**JOHN A. WENKE**
State Bar No. 00788643
LAW OFFICE OF JOHN A. WENKE
501 E. California Ave.
El Paso, Texas 79902
Telephone: (915) 351-8877
Facsimile: (915) 351-9955
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I hereby certify that on August 21, 2009, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel.


                /s/ John A. Wenke_____
                **JOHN A. WENKE**