IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRED J. JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP–08-CA-112-FM |
| | § | |
| HOST INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES**

On this day, the Court considered Fred Jackson's ("Plaintiff") "Plaintiff's Application for Attorney Fees" ("Application") [Rec. No. 81], filed September 17, 2009; Host International, Inc.'s ("Defendant") "Defendant Host International, Inc.'s Opposition to Plaintiff's Application for Attorney's Fees" [Rec. No. 84], filed September 28, 2009; "Plaintiff's Reply to Defendant's Opposition to Plaintiff's Application for Attorney Fees" [Rec. No. 87], filed October 5, 2009; "Plaintiff's Supplement to Application for Attorney Fees" ("Supplement") [Rec. No. 95], filed November 23, 2009; "Defendant Host International, Inc.'s Supplemental Response in Opposition to Plaintiff's Application for Attorney's Fees" ("Supplemental Response") [Rec. No. 96], filed December 8, 2009; and "Plaintiff's Reply to Defendant's Supplemental Response to Plaintiff's Application for Attorney's Fees" ("Plaintiff's Reply") [Rec. No. 97], filed December 10, 2009. Based upon the parties arguments, briefs, evidence, and the applicable law, the Court concludes it will award Plaintiff attorney's fees.[1]

I.    **BACKGROUND**

A jury trial in this case commenced on August 31, 2009, and the jury returned a verdict in favor

---

[1] The Court retains jurisdiction over Plaintiff's request for attorney's fees even though Defendant filed its "Defendant Host International, Inc.'s Notice of Appeal" [Rec. No. 100] on December 15, 2009.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (U.S. 1988) ("a request for attorney's fees . . . raises legal issues collateral to and separate from the decision on the merits.") (internal quotations and citation omitted).

of Plaintiff on both his age and discrimination and retaliation claims.  The jury awarded Jackson $227,500 in back pay, $455,000 in front pay, $200,000 in past compensatory damages, and $100,000 in future compensatory damages.  The Court issued the "Final Judgment on Jury Verdict" [Rec. No. 80] on September 9, 2009.

Plaintiff now requests his attorney's fees.  John A. Wenke ("Wenke"), Plaintiff's counsel initially attested he spent 374.3 hours of work on this case.  In Plaintiff's Supplement to his Application, Wenke claims 393 hours and provides a more detailed summary of the hours spent working on the case.  Plaintiff requests the Court to apply an hourly rate of $250 to $400 for attorney's fees, which he asserts is a reasonable range for the hourly rate in El Paso, based on Wenke's experience.  The Plaintiff asks the Court to use the lodestar method and to adjust the lodestar figure upward.  Plaintiff points out the purpose of a fee award pursuant to the Texas Commission on Human Rights Act ("TCHRA") is to avoid having a plaintiff's recover of damages reduced by the payment of attorney's fees.

Defendant argues Wenke is not entitled to statutory attorney's fees because he has a contingency fee arrangement with Plaintiff for forty percent of the recovery.  Defendant contends Plaintiff's requested attorney's fees is unreasonable in the hourly rates and hours expended on the case.  Initially, Defendant argued $225 was a reasonable hourly rate for an attorney in El Paso; however in its Supplemental Response, Defendant states it told Wenke that it would not object to an hourly rate of up to $300 an hour, though it maintained its right to object to attorney's fees for other reasons.  Defendant asserts that because Wenke worked on a contingency agreement, the lodestar methodology is not applicable and Plaintiff is not entitled to attorney's fees.

## II.   APPLICABLE LAW

In cases before the Court pursuant to diversity jurisdiction, "[s]tate law controls both the award of and the reasonableness of fees awarded . . ."[2]  The TCHRA provides that "in a proceeding under this

---

[2] *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002).

chapter, [the Court] may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."[3]

In calculating attorney's fees pursuant to the TCHRA, the Court applies the lodestar method.[4]  The

lodestar method requires the Court to first determine the number of hours counsel reasonably spent on

the case and then multiply those hours by a reasonable hourly rate.[5]  In evaluating the number of hours

counsel spent working on the case, the Court must "exclude all time that is excessive, duplicative, or

inadequately documented."[6]  "[P]laintiffs seeking attorney's fees are charged with the burden of showing

the reasonableness of the hours billed . . ."[7]  In determining the fee rate, the Court considers the rate

"prevailing in the community for similar services by lawyers of reasonably comparable skill, experience,

and reputation."[8]

> Once the lodestar is established, it can be adjusted for factors such as:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the
> level of skill required; (4) the effect on other employment by the attorney; (5) the
> customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by
> the client or the circumstances; (8) the amount involved and the result obtained; (9) the
> experience, reputation, and ability of the attorney; (10) the undesirability of the case;
> (11) the nature and length of the attorney's relationship with the client; and (12) awards
> in similar cases.[9]

Although the Court may adjust the lodestar figure, there is a "strong presumption that the lodestar award

is the reasonable fee . . ."[10]

---

[3] TEX. LAB. CODE ANN. §21.259.

[4] *See Borg-Warner Protective Servs. Corp. v. Flores*, 955 S.W.2d 861, 868 (Tex. App. Corpus Christi 1997); *see also Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App. El Paso 2002).

[5] *Gonzales*, 72 S.W.3d at 412.

[6] *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 234 (5th Cir. 2000).

[7] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. La. 2006).

[8] *Blum v. Stenson*, 465 U.S. 886, 896 (U.S. 1984).

[9] *Gonzales*, 72 S.W.3d at 412 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

[10] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (internal citation).

III.    **DISCUSSION**

_____*A.*        *The Lodestar Figure*___

Based on Wenke's detailed time sheet for the above-captioned cause, the Court finds Plaintiff's counsel spent a reasonable amount of time working on this case.  The Court, however, will deduct from Plaintiff's counsel's timesheet the time he spent correcting his initial request for attorney's fees, which was 4.6 hours. In Texas, the median hourly rate for an attorney with sixteen years of experience in 2005 was $233.[11]  The average hourly rate in El Paso in 2005 was $183.[12]  Based on these figures,[13] Plaintiff's Application, Wenke's "Second Affidavit of John A. Wenke" [Rec. No. 95-3], which reflects a successful career, and Defendant's concessions, $300 is a reasonable hourly rate.  Applying an hourly rate of $300 for the 388.4 hours Wenke expended yields a total of $116,520.

As a preliminary matter, Defendant's assertion Plaintiff is not entitled to attorney's fees because Wenke worked on a contingency fee basis is erroneous and misunderstands the goal of awarding the prevailing party attorney's fees.  Attorney's fees go to the <u>Plaintiff</u> when a plaintiff's fee arrangement with his attorney is on a contingent basis, the award of attorney's fees is meant to avoid diminishing the amount of damages a plaintiff recovers.

*B.*        *Adjusting the Lodestar Figure*

Having calculated the lodestar figure of $116,520, the Court must now determine if it should be adjusted.  Plaintiff identifies seven of the twelve *Johnson* factors as reasons why the lodestar figure should be increased.  Defendant rejects each in turn.

---

[11] State Bar of Texas Department of Research & Analysis, Hourly Rates in 2005 Report (Sep. 21, 2006), *available at* http://www.texasbar.com/Content/ContentGroups/Publications3/Research_and_Analysis3/ Statistics/hr2005.pdf.   The most recent data on hourly rates for attorneys in Texas is from 2005.

[12] *Id.*

[13] In making its calculation, the Court acknowledges and takes into consideration that these figures are dated.

1.      Time and Labor Required

Plaintiff argues this case required a substantial amount of time and labor, especially because Defendant had numerous attorneys.  Wenke states he had to shut down his practice for more than two weeks to prepare and participate in the trial.  Defendant disagrees that the number of Defendant's attorneys created a more difficult case for Plaintiff.

If a court considers the time and labor required for the case in calculating a plaintiff's lodestar figure, it is inappropriate to adjust that figure for the same consideration.[14]  In calculating the lodestar figure here, the Court considered the time and labor required for this case.  Therefore, the Court declines to make an additional upward adjustment as to avoid a double recovery.

2.      Novelty and Difficulty of the Questions, Skill Level, and Experience and Reputation, and Ability

Plaintiff requests the Court to upwardly adjust the lodestar figure because of the novelty and difficulty of the questions presented in the above-captioned case.  Plaintiff argues that in a discrimination case that is based on circumstantial evidence, increasing the lodestar figure for the added difficulty is appropriate.  Defendant contends Plaintiff did not provide any evidence about the difficulty of the question presented, and the above-captioned cause reflected a typical factual scenario for a discrimination case.

Wenke skillfully worked with a case based entirely on circumstantial evidence, which the Court considered when it calculated the lodestar figure.  While circumstantial evidence may make carrying the burden more onerous, the difficulty it presents was considered in determining Wenke's skill-level and subsequently the reasonable hourly rate.  To prevent double recovery, the lodestar figure will not be increased for the novelty or difficulty of this case because those factors were considered in establishing the lodestar figure.  For these same reasons the Court declines to upwardly adjust the lodestar figure

---

[14] *Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 812-813 (W.D. Tex. 2006) (citation omitted).

because of Wenke's skill level, and experience, reputation and ability**.**

### 3.    Contingent Fee

Plaintiff requests the court to upwardly depart from the lodestar because Wenke took the case on a contingency basis.  Defendant's response indicates it believes Wenke is seeking double recovery of attorney's fees.  Wenke is entitled to his contingent fee pursuant to his arrangement with Plaintiff and Plaintiff is entitled to attorney's fees pursuant to the TCHRA.  Texas law allows the existence of a contingency agreement to be considered in augmenting the lodestar award.[15]  Therefore, an upward adjustment of the lodestar figure to reflect the contingency agreement is appropriate.

### 4.    The Amount Involved and the Result Obtained

Plaintiff requests the Court to upwardly adjust the lodestar to reflect the amount involved and the result obtained.  Plaintiff points out that $175,000 to $200,00 would represent approximately 17.8 to 20.3 percent of the jury verdict and judgment amount.  Defendant having no response, the Court will upwardly adjust the lodestar to reflect the amount involved and the result obtained.

### 5.    Awards in Similar Cases

Finally, Plaintiff requests an upward adjustment to reflect awards in similar cases.  Plaintiff cites relevant cases in which the lodestar amount was increased.  Defendant distinguishes this case because the initial lodestar figures were lower than that which Plaintiff requests.  The lodestar figure here reflects the high-end hourly rate.  Nonetheless an increase of the lodestar figure is warranted based upon the similar cases Plaintiff cites.

Adjusting the lodestar figure for the stated reasons, the Court finds $175,000 to be a reasonable amount of attorney's fee for this case.  In the interest of judicial economy, any appeal of this Order should be done through supplemental notice of appeal.

---

[15] *Gonzales*, 72 S.W.3d at 413.

**IV.**    <u>**CONCLUSION**</u>

Based upon the foregoing discussion, the Court enters the following orders:

        1.      Plaintiff's "Plaintiff's Application for Attorney Fees" [Rec. No. 81] is

                    **GRANTED**.

        2.      Defendant **SHALL** pay Plaintiff **$175,000** in attorney's fees and costs.

        3.      In the interest of judicial economy, Defendant is requested to file a supplemental

                    notice of appeal if Defendant should decide to appeal this award.

**SO ORDERED.**

**SIGNED** this **21st** day of **December**, **2009**.


                                  _____
                                  **FRANK MONTALVO**
                                  **UNITED STATES DISTRICT JUDGE**